**YU JIE WANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 06–5191–ag.**

United States Court of Appeals, Second Circuit.

Feb. 15, 2008.

2006), his waiver of the dispositive adverse credibility finding is fatal to his petition for review in this Court.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Pro se, Brooklyn, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney, General, Richard M. Evans, Assistant Director, Sada Manickam, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Petitioner Yu Jie Wang, a native and citizen of the People's Republic of China, seeks review of the November 1, 2006 order of the BIA affirming the April 12, 2005 decision of Immigration Judge ("IJ") Sandy Hom, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yu Jie Wang,* No. A97 951 739 (B.I.A. Nov. 1, 2006), *aff'g* No. A97 951 739 (Immig. Ct. N.Y. City Apr. 12, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007).

As a preliminary matter, because Wang failed to challenge the agency's denial of his CAT claim before this Court, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Pursuant to our recent decision in *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 314 (2d Cir.2007) (en banc), Wang is not *per se* eligible for asylum on account of his wife's alleged forced abortion procedure. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 (2d Cir.2007) (noting that under *Shi Liang Lin,* "a claim of persecution based *solely* on a forced abortion" brought by someone other than "the

individual who has undergone the procedure . . . is doomed").

■ With respect to the other bases for relief advanced by Wang, substantial evidence supports the BIA's conclusion that, even if credible, he failed to carry his burden of proof. "[I]n the right circumstances, the agency may deny relief to a petitioner on the ground that she has failed to provide sufficient corroboration for her otherwise credible testimony." *Niang v. Mukasey*, 511 F.3d 138, 148 (2d Cir.2007).

The IJ and BIA identified particular pieces of relevant documentation absent from the record, specifically, although Wang's asylum claim rested in large part on events about which he had no personal knowledge (e.g., his wife's forced abortion), he failed to provide any statements from his wife and, moreover, failed to provide any medical evidence of the insertion and removal of his wife's intrauterine device, her alleged abortion, or her current physical condition.

Given that Wang was able to telephone his wife in China and have her send him certain documents (which he provided the IJ), it was reasonable to expect a statement from Wang's wife and medical evidence (particularly evidence of her current physical condition and her current obligation to attend periodic gynecological checkups).[2] There was no indication that such evidence was not "reasonably available" to Wang. *Niang*, 511 F.3d at 148

(citing *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003)).

Wang offered no explanation other than he did not have that evidence. No reasonable fact finder would be compelled to accept this explanation. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 126 (2d Cir. 2006). As such, it was not error for the agency to conclude that Wang had not provided evidence sufficient to carry his burden of proof for asylum.[3] *See Kyaw Zwar Tun v. INS*, 445 F.3d 554, 568–69 (2d Cir.2006).

Because Wang was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

2. To the extent Wang argues that his primary fear is of sterilization on account of his alleged violation of China's family planning policy, and contends that his wife's ability to live in China without having to be sterilized stems from her weak physical constitution, medical evidence of his wife's health would have been especially relevant to his claim.

3. The IJ's decision to afford no weight to the evidence Wang did provide was not improper

where Wang made little attempt to authenticate the documents he submitted and the IJ identified aspects of those documents that he found questionable. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (stating that the weight afforded evidence in immigration cases "lies largely within the discretion of the IJ" (internal quotation marks and alterations omitted)).